IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDWARD BAILEY, | ) |
| | ) Civil No. 05-89-ST |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFF HANSON, LES DOLECAL, | ) |
| EDWARD ANDERSON, and JIM | ) |
| MARAS, | ) |
| | ) FINDINGS AND RECOMMENDATION |
| Defendants. | ) |

STEWART, Magistrate Judge.

This 42 U.S.C. § 1983 action comes before the court on defendants' Motion to Dismiss (docket #23). For the reasons which follow, the Motion to Dismiss should be granted, and plaintiff's Complaint (docket #1) should be dismissed, with prejudice.

## BACKGROUND

On January 19, 2005, plaintiff filed a Complaint in which he alleges that on April 6, 2000, he was "arbitrarily and

1 - FINDINGS AND RECOMMENDATION

capriciously" transferred from the Oregon Corrections Intake Center to the Intensive Management Unit ("IMU") of the Oregon State Penitentiary based on an allegedly false allegation that he assaulted an Oregon Department of Corrections staff member on March 27, 2000. Plaintiff contends that the move to the IMU violated his right to due process because he never received notice of the charge against him, nor was he allowed a hearing during which he could refute the charge.

Defendants now move to dismiss this case because plaintiff failed to file his Complaint within the statute of limitations applicable to this case. Plaintiff asserts that dismissal would be improper because: (1) he filed both state and federal habeas corpus actions which served to toll the statute of limitations; and (2) the due process violation constitutes a continuing injury such that the statute of limitations never began to run.

## DISCUSSION

Because 42 U.S.C. § 1983 does not have an independent statute of limitations, the applicable limitation period is borrowed from the forum state. Wilson v. Garcia, 471 U.S. 261, 279 (1985). Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. McDougal v. County of Imperial, 942 F.2d 668, 672-73 (9th Cir. 1991) (applying state personal injury limitations period to § 1983 actions). In Oregon, this period is two years. O.R.S. 12.110(1).

2 - FINDINGS AND RECOMMENDATION

Plaintiff was aware of his due process deprivation on April 6, 2000, when he was moved to the IMU without notice of the assault charge or a hearing on its merits. However, plaintiff did not file his state habeas corpus petition until June 25, 2001. That case was ultimately dismissed on procedural grounds when he was transferred to another institution on October 31, 2001. A total of 445 days accrued between plaintiff's placement in the IMU and the filing of his state habeas action.

Plaintiff next filed a federal habeas corpus action, <u>Bailey v. Lampert</u>, CV 02-25-HU, on January 7, 2002, 433 days after the conclusion of his state habeas case. The federal habeas case was ultimately dismissed on August 4, 2003 for failure to exhaust state remedies.

On January 10, 2005, 534 days after the conclusion of his federal habeas proceedings, plaintiff filed the current action. He asks the court to conclude that the statute of limitations for this § 1983 action was tolled during the pendency of his state and federal habeas corpus cases.

Assuming that the pendency of plaintiff's state and federal habeas petitions tolled the two-year statute of limitations applicable to this § 1983 case, and further assuming that the previous availability of the habeas corpus remedy would not render

the § 1983 remedy unavailable to him,[1] plaintiff failed to file this action in a timely manner. According to the court's calculations, a total of 1412 (445 + 433 + 534) untolled days accrued prior to the filing of this case, a period of time well outside of the two-year statute of limitations.

Plaintiff also argues that the due process violation of which he complains constitutes a "continuing injury" because "there was never a judgment on a hearing to convict me [of] the deprivation." Response (docket #32), p. 7. Plaintiff's placement in IMU without a hearing was the substance of his due process claim, and he cannot use the foundation of his claim (*i.e.*, lack of a hearing) as justification for the assertion that the claim, itself, never accrued.

Plaintiff failed to file this case within the applicable statute of limitations. Accordingly, the Complaint should be dismissed.

## RECOMMENDATION

For the reasons identified above, the defendants' Motion to Dismiss (docket #23) should be GRANTED, and plaintiff's Complaint (docket #1) should be DISMISSED with prejudice.

///

---

[1] See Wilkinson v. Dotson, 125 S.Ct. 1242, 1251 (2005) (Scalia, J., concurring) (claims properly pursued in habeas corpus are not cognizable in § 1983, even if habeas no longer remains available to a particular litigant); Cf. Preiser, 411 U.S. at 489-490 ("It would wholly frustrate explicit congressional intent to hold that [state prisoners] could evade [the habeas corpus exhaustion] requirement by the simple expedient of putting a different label on their pleadings").

**SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due December 9, 2005. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

**NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the district court's judgment.

DATED this 21st day of November, 2005.

                                s/ Janice M. Stewart
                                Janice M. Stewart
                                United States Magistrate Judge